CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC 14 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LOUIS R. CHAPMAN, )<br>Plaintiff, ) | Civil Action No. 7:06cv00708 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LARRY HUFFMAN, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Louis R. Chapman, Virginia inmate # 241197, brings this pro se action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his voluminous complaint,[1] Chapman alleges that the defendants violated his federal constitutional rights by searching his cell at the Augusta Correctional Center in his absence; photocopying allegedly "'privileged' legal documents" discovered in that search; disclosing the contents of those documents to "civilian" staff; and, after he complained of the aforesaid violations (approximately ten months later), removing him from his institutional job as a food services worker and subsequently giving him a job in a different area of the prison at the same rate of pay. He seeks "compensatory damages, punitive damages, discretionary damages, a niminal [sic] award, and declaratory judgment." Upon review of the record, I conclude that plaintiff has not stated a claim upon which relief can be granted. Therefore, I will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

---

[1] Plaintiff's complaint and attachments total 162 pages, including a motion for temporary restraining order, a motion for preliminary injunction hearing, a motion to appoint counsel, and a motion for discovery. His arguments and motions are extremely repetitive, often incoherent, and heavily dependent on prison gossip as related to plaintiff in various conversations, of which plaintiff has created elaborate transcripts.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Inasmuch as plaintiff has paid the filing fee in this case, 28 U.S.C. § 1915(e)(2)(B) provides that, "[n]otwithstanding any filing fee . . . that may have been paid," such a case may be dismissed "at any time."

1

I.

Plaintiff asserts that defendants violated his Fourth Amendment rights when, on May 19, 2005, outside of his presence, they conducted a search of his cell.[3] Plaintiff contends that defendants removed his "'privileged' legal documents," which apparently consisted of documentation he had prepared concerning inmate fraternization with non-inmate food services workers and the smuggling of contraband food into the pods.[4] He maintains that defendants photocopied these documents and disclosed the contents of the documents to "civilian" staff, i.e., non-inmate food service workers. Plaintiff's allegations of the removal and photocopying of his files were refuted in the inmate grievance process; he admits that the files were there when he returned to his cell after the search, and that he did not learn until ten months later, through prison gossip, of the alleged removal and photocopying. Even assuming the truth of plaintiff's bare allegations, the Fourth Amendment is not applicable to searches of prison cells, as prisoners have no legitimate expectation of privacy in their cells or their possessions. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Accordingly, plaintiff fails to state a claim of a Fourth Amendment violation.

II.

Plaintiff claims that defendants violated his due process rights because the alleged disclosure of the contents of his "'privileged' legal documents" violated Department of Corrections rules and guidelines that prohibit fraternization between inmates and staff.

---

[3] At certain stages of plaintiff's grievance documentation, prison officials misstated the date of the search as March 19, 2006. The date of the search at dispute here was **May 19, 2005**, and plaintiff asserts that he **learned** of the removal and photocopying of his "'privileged' legal documents" on **March 19, 2006**.

[4] Plaintiff does not assert that his purportedly "'privileged' legal documents" were marked as such, describing the documents as contained in a "green folder" and a "manila folder." Nor does he assert that the folders contained documents he prepared for litigation or that an attorney had prepared. He concedes that, when he returned to his cell after the "shakedown," the folders were there.

2

When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id.

In this case, plaintiff fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process.[5] The crux of plaintiff's claim, credulously construed, is that defendants, in the course of a legitimate institutional investigation, discussed with non-inmate food-service personnel information that they obtained from a search of plaintiff's cell. These actions

---

[5] Moreover, had plaintiff suffered a federally protected liberty (or property) interest resulting from the random, unauthorized act of a state employee, due process requires only the availability of an adequate state post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527, 540-41 (1981). Virginia's Tort Claims Act waives sovereign immunity for damages resulting from the negligent and wrongful acts of a state employee who is acting within the scope of his employment. See Va. Code § 8.01-195.3. The Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia's tort laws provide an adequate remedy. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985).

3

are a function of prison management, and cannot be construed as "fraternization." Defendants have a legitimate penological interest in conducting institutional investigations and acting upon them. Plaintiff does not show that defendants' alleged disclosure of the contents of his "'privileged' legal documents" in the course of a permissible institutional investigation violated the fraternization policy or any other prison policy and, therefore, has not alleged that he was deprived of any constitutionally protected liberty interest. Accordingly, he does not demonstrate any deprivation of his due process rights.[6]

### III.

Plaintiff alleges that defendants violated his Eighth Amendment right to freedom from cruel and unusual punishment when, during the course of a "shakedown," they "ransacked" his cell, leaving it in a "shambles." Plaintiff was not present for the search, which occurred, as previously stated, on May 19, 2005. He adds that, in his view, defendants' "many searches of [his] work area" constitute "systematic harassment."

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of

---

[6] Assuming, arguendo, that plaintiff's allegations of disclosure of the contents of his "'privileged' legal documents" stated a claim, he fails to allege any harm to any legal claim he may have had because of this purported disclosure. Although reasonable access by prisoners to both state and federal courts and to communication with attorneys is a guaranteed right, see Ex parte Hull, 312 U.S. 456 (1941), see also Procunier v. Martinez, 416 U.S. 396 (1974), the inmate must show some interference with this right or some deficiency in the legal resources available to him and provide evidence of actual injury or specific harm to some litigation involving a challenge to the conditions of his confinement or the fact of his confinement. Lewis v. Casey, 518 U.S. 343 (1996); Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993). Plaintiff does not allege any facts which demonstrate that the defendants' alleged actions affected any pending case, caused him to miss any court-imposed deadlines, or in any way hindered his correspondence with the courts or his attorney. In sum, plaintiff has failed to allege any facts which establish that he suffered any harm because such "'privileged' legal documents" were not kept confidential. As such, he has failed to demonstrate any actual injury or specific harm resulting from any action on the part of the defendants relating to his right to access the courts or to communicate with his attorney.

4

exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. In fact, to state a claim of constitutional significance regarding prison conditions, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Plaintiff does not allege any mental or physical injury as a result of the search of his cell or the searches of his work area. Construing his claim liberally, he alleges, at best, that the searches of his work area are restrictive and inconvenient. Accordingly, his claim of cruel and unusual punishment under the Eighth Amendment must fail.

## IV.

Plaintiff claims that defendants removed him from his institutional job after he complained about the search of his cell that occurred on May 19, 2005, and the alleged removal and photocopying on that date of his "'privileged' legal documents." He filed an "Informal Complaint" regarding the search on April 3, 2006, and a "Regular Grievance" on April 17, 2006. On April 19, 2006, plaintiff was suspended from his food services job, pending an investigation.[7] He was given another job, although it is not clear exactly when he was given his new position. Regarding the new position, plaintiff admits that he "was making the same money with less work and had no

---

[7] Plaintiff admits that, on April 18, 2006, he was verbally admonished for venturing "staffside to get something to eat . . . ." He was told, "This is for staff only. Get out!"

5

complaints." Nonetheless, he was dissatisfied with his termination from his food services job, which he states he had held for about five and a half years. In plaintiff's view, he was terminated in retaliation for exercising his First Amendment rights when he filed the grievance.

In order to state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). An inmate must present more than conclusory allegations of retaliation. Id. at 74. To state a prima facie claim of retaliation under § 1983, an inmate must allege facts showing that his exercise of his constitutional rights was a substantial factor motivating the retaliatory action. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1386 n. 11 (4th Cir. 1995), citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977); Wagner v. Wheeler, 13 F.3d 86, 90-91 (4th Cir. 1993). "Temporal proximity" between the inmate's protected activity and the allegedly retaliatory, official action "is simply too slender a reed on which to rest" a § 1983 retaliation claim. Wagner, 13 F.3d at 91. A plaintiff must also allege that, as a result of the retaliatory action, he suffered some adverse impact on the continued exercise of his constitutional rights. American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 784 (4th Cir. 1993) (finding that changes in prison regulations created a mere inconvenience to the exercise of constitutional rights and that the inconvenience alone was not enough to constitution actionable retaliation).

Plaintiff admits that he was given another job, with equal pay and "less work." Therefore, even were he to present more than the conclusory allegations in his complaint, he cannot maintain that he suffered any adverse impact on the continued exercise of his constitutional rights. In the first instance, his First Amendment speech rights were not impacted by prison officials' decision to

6

suspend him from the one job and place him in another. He may have been displeased to lose the job in food services, but he was not rendered unemployed. Moreover, inmates have no independent constitutional right to job opportunities while incarcerated; prison officials may generally terminate an inmate from his job for any reason without offending constitutional principles.[8, 9] See Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (applying Sandin, supra).

Accordingly, plaintiff fails to state a claim of retaliation against the free exercise of his First Amendment rights.

V.

For the stated reasons, Chapman's suit is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and

---

[8] Courts of appeals have long held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest. See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir.1987) (opining that inmates have no constitutional right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (concluding that the Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir.1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir.1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection).

[9] Plaintiff did not allege a discriminatory motive in the decision to terminate him from his prison job to show a violation of the Fourteenth Amendment's Equal Protection Clause. See Castaneda v. Partida, 430 U.S. 482, 493 (1977); Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977).

7

accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 14th day of December, 2006.

                                                  /s/ Jackson L. Kiser
                                                Senior United States District Judge